**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: 11-07382-DD

**ORDER GRANTING RELIEF FROM STAY AND IN REM RELIEF**

The relief set forth on the following pages, for a total of _7_ pages including this page, is hereby **ORDERED**.

**FILED BY THE COURT**
**07/16/2012**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 07/17/2012

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| IN RE:<br><br>Clayton D. Macaulay,<br><br>DEBTOR(S). | CHAPTER 13<br>CASE NO.: 11-07382-DD<br><br>ORDER GRANTING RELIEF FROM THE<br>AUTOMATIC STAY, AND GRANTING<br>IN REM RELIEF |
|---|---|

This matter comes before the Court on the Motion for Relief from the Automatic Stay ("Motion") filed by GMAC Mortgage, LLC ("GMAC"). A hearing was held on this Motion on July 9, 2012, at which GMAC was represented by counsel. It appears that the motion and notice of hearing on the Motion were properly served upon Debtor, but Debtor failed to file an objection to the Motion or make an appearance at the hearing. Additionally, this Motion was served on Ann Le, who did not file an objection or make an appearance at the hearing. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Having considered the pleadings, arguments of counsel, and the uncontested evidence offered by GMAC, the Court makes the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

1. GMAC is the holder of a promissory note (the "Note") executed and delivered by Ann Le in the principal sum of $151,000.00. A copy of this Note was accepted into evidence without objection.

2. As security for the Note, Ann Le executed in favor of and delivered to Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Homecomings Financial, LLC (fka Homecomings Financial Networks, Inc., a real estate mortgage (the "Mortgage") covering the following-described real property (the "Real Property"):

    ALL that certain piece, parcel or lot of land, with the improvements thereon, situate, lying and being in the County of Lexington, State of South Carolina, the same being shown and designated as Lot No. Ten (10), Block "N-N" on plat subdivision for Michael J. Mungo by William Wingfield, dated August 3, 1961 and recorded in the Office of the ROD for Lexington County in Plat Book 64-G, Page 6; and being more particularly shown on a survey prepared for Melvin K. Ancrum and Theresa A. Ancrum by Inman Land Surveying Company, Inc., dated May 10, 1999 and recorded in Plat Book 287 at Page 372, having such boundaries and measurements as shown on said latter plat, reference to which is hereby made for a more complete and accurate description.

2

> This being the identical property conveyed to Ann Le by deed of Fannie Mae a/k/a Federal National Mortgage Association, dated December 11, 2006 and recorded December 14, 2006 in Deed book R11611 at Page 71.

A copy of the recorded Mortgage was accepted into evidence without objection.

3. The Mortgage was subsequently assigned to GMAC on January 21, 2009. A copy of the recorded assignment was accepted into evidence without objection.

4. Ann Le defaulted on the Note and GMAC filed a foreclosure action in Lexington County Court of Common Pleas in Case No. 2009-CP-32-00196 on January 12, 2009. This foreclosure case was dismissed on December 16, 2009 after Ann Le and GMAC entered a loan modification agreement on July 28, 2009. A copy of this loan modification agreement was accepted into evidence without objection.

5. Subsequently, Ann Le defaulted on the loan modification agreement and a second foreclosure action was filed by GMAC in Lexington County Court of Common Pleas in Case No. 2009-CP-32-5848 on December 30, 2009.

6. During the foreclosure process, Ann Le filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code ("First Bankruptcy"). See In re Ann Le, Case No. 10-06745-JW (Bankr. D.S.C. Sept. 20, 2010).

7. The First Bankruptcy was dismissed on December 20, 2010 by Order of this Court on Motion of Ann Le.

8. Upon the dismissal of the First Bankruptcy, GMAC resumed foreclosure proceedings in the Lexington County Court of Common Pleas. On the day that GMAC had scheduled a foreclosure hearing, Ann Le filed a second voluntary petition under Chapter 13 of the United States Bankruptcy Code ("Second Bankruptcy"). See In re Ann Le, Case No. 11-02921-JW (Bankr. D.S.C. May 2, 2011).

9. In the confirmed plan for Ann Le's Second Bankruptcy, the Real Property was surrendered.

10. After confirmation of Ann Le's plan, GMAC continued, for a second time, its foreclosure proceedings. A judgment of foreclosure and sale was entered by the Lexington County Court of

Common Pleas on November 8, 2011. A copy of this judgment was accepted into evidence without objection. The Real Property was scheduled for sale on December 5, 2011.

11. On November 30, 2011, Debtor filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code ("Macaulay Bankruptcy").

12. One day after the Macaulay Bankruptcy was filed, and four days prior to the foreclosure sale of the Real Property, Ann Le quit-claimed her interest in the Real Property to Ann Le and Clayton Macaulay as co-trustees of the Ann Le Family Trust dated 12-1-2011 ("Quit-Claim Deed"). The Debtor only received bare legal title from the Quit-Claim Deed, which he held in his capacity as a co-trustee. A copy of the Quit-Claim Deed was accepted into evidence without objection. The Quit-Claim Deed was signed by the Debtor.

13. Debtor did not report the Real Property as part of his bankruptcy estate until May 15, 2012 when Debtor's Second Amended Plan was filed. In this Second Amended Plan, Debtors states an intention to surrender the Real Property.

14. GMAC filed the present motion on June 5, 2012.

15. In addition to this motion, GMAC also filed a motion for relief under 11 U.S.C. § 1301 as to Ann Le on June 5, 2012.

16. On June 22, 2012, GMAC filed an affidavit of no objection as to the present motion.

17. On July 7, 2012, the Court entered an order granting relief under 11 U.S.C. § 1301 as to Ann Le.

## CONCLUSIONS OF LAW

GMAC seeks relief from stay pursuant to 11 U.S.C. § 362(d)(4). 11 U.S.C. § 362(d)(4) states:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
(4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either –
(A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
(B) multiple bankruptcy filings affecting such real property.

4

The recent case of In re The Action Team, LLC, C/A No. 12-02086-jw, slip op., at p. 4 (Bankr. D.S.C. April 25, 2012), states the requirements of obtaining relief under § 362(d)(4):

> Section 362(d)(4) of the Bankruptcy Code provides that a creditor may obtain relief from the automatic stay where the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved multiple bankruptcies filings affecting such real property. To obtain relief from the automatic stay under § 362(d)(4), the creditor "must establish three elements: (1) that [Debtor] engaged in a scheme, (2) to delay, hinder, [or] defraud the creditor, and (3) which involved . . . multiple filings." In re Davis, 2020 Bankr. LEXIS 4619, *11-*12 (Bankr. D.S.C. Oct. 12, 2010). A "scheme," for purposes of § 362(d)(4) "is an intentional artful plot or plan to delay, hinder [or] defraud creditors." In re Wilke, 429 B.R. 916, 922 (Bankr. N.D. Ill. 2010); see also In re Duncan & Forbes Dev., Inc., 36[8 B.R.] 27, 32 (Bankr. C.D. Cal. 2006).

This Court also considers four circumstances in determining whether a Debtor acted in bad faith to warrant in rem relief : "1) strategic filing of bankruptcy petitions to prevent collection; 2) multiple petitions by multiple parties to protect common property; 3) lack of evidence of changed circumstances between filings; and 4) inability to fund a plan." See In re Henderson, C/A No. 08-01814-jw, slip op., at p. 10 (Bankr. D.S.C. May 7, 2008).

Based on the undisputed evidence before the Court, the Court finds that grounds exist for relief from stay under 11 U.S.C. § 362(d)(4). Debtor and Ann Le strategically used multiple bankruptcies to prevent GMAC from collecting on the Note and Mortgage. After Ann Le surrendered the Real Property in her bankruptcy, Ann Le executed, and Debtor accepted delivery of, the Quit-Claim Deed on the eve of the foreclosure sale. Because Debtor had filed his petition for Bankruptcy the day before the execution of the Quit-Claim Deed, the Real Property was subject to Debtor's stay protections under § 362. See id. at p. 10 (finding that bankruptcy petitions filed on the eve of foreclosure sales evidence a strategic scheme to prevent collections); The Action Team, LLC, slip op., at p. 4 (finding that filing multiple bankruptcy petitions on the eve of foreclosure sales was in bad faith to solely forestall the foreclosure sales). Specifically, the execution of the Quit-Claim Deed from Ann Le to Ann Le and Debtor as co-trustees of the Ann Le Family Trust dated 12-1-2011 was in bad faith and done to forestall the December 5, 2011 foreclosure sale.

Debtor and Ann Le used their individual bankruptcy petitions to protect a common asset, the Real Property. "This court will consider multiple bankruptcy filings filed by separate individuals or entities as filings by a single entity when done to protect a common asset." Id. at p. 5; Henderson, slip op., at p. 10; In re Hartley, 187 B.R. 506, 507 (Bankr. D.S.C. 1995). Because Ann Le had previously surrendered the Real Property in her bankruptcy, Ann Le was ineligible for protections from the § 362 stay to forestall the foreclosure sale. Therefore, by transferring bare legal title to the Debtor, Ann Le used the Debtor's bankruptcy to obtain a stay of the foreclosure sale. See Henderson, slip op., at p. 10 (finding evidence of bad faith when a debtor filed for bankruptcy in his capacity as trustee after relief from the stay had been granted as to his individual capacity).

Furthermore, Debtor cooperated with Ann Le in delaying the foreclosure sale through his bankruptcy filing. The Debtor was aware of his bankruptcy at the time he signed and accepted delivery of the Quit-Claim Deed on December 1, 2011. Despite knowledge of this transaction involving the Real Property, the Debtor did not recognize the Real Property to the Court until the Debtor filed his Second Amended Plan on May 15, 2011.

The court finds that because Debtor has expressed intent to surrender the Real Property, evidence of the Debtor's ability to fund a plan are not relevant in determining whether the Debtor has acted in bad faith to warrant in rem relief. Further, since this is Debtor's first bankruptcy filing, there is no issue of changed circumstances. Here two debtors employed a series of filings to disrupt the foreclosure process.

Based on this evidence, the Court finds that Ann Le and Debtor engaged in a scheme to delay and hinder GMAC through the use of multiple bankruptcy petitions. Therefore, the Court finds that GMAC's motion for an order granting in rem relief and rendering the automatic stay inapplicable to the Real Property for two (2) years from entry of the requested order, regardless of who owns the property or files the petition for bankruptcy relief, should be granted.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

(1) GMAC's motion is granted and the automatic stay is lifted pursuant to 11 U.S.C. § 362(d)(4), so GMAC may commence such actions necessary to have the Real Property sold pursuant to the Judgment of Foreclosure and Sale.

(2) GMAC is authorized to file this order in the public records of Lexington County, South Carolina.

(3) Upon recordation of this Order by the Lexington County, South Carolina, Register of Deeds, the filing of any bankruptcy petition in any jurisdiction within the two-year period following the entry of this Order shall not operate to stay GMAC's efforts to collect its debt and have the Real Property sold pursuant to the Judgment of Foreclosure and Sale, regardless of who owns the Real Property or files the petition for bankruptcy relief.

(4) The relief granted in this Order shall survive the dismissal or closing of this bankruptcy case.

**AND IT IS SO ORDERED.**